UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JORGE ESTUARDO CIFUENTES LIMA,<br>Petitioner,<br>v.<br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center; and ICE FIELD OFFICE DIRECTOR,<br>Respondents, | No. 2:26-CV-03658-SAB<br><br>**ORDER TRANSFERRING PETITION** |

Before the Court is Petitioner's Emergency Motion to Expedite Habeas Proceedings, Request Transfer Back to Tacoma, Washington, Appoint of Counsel and Temporary Protection Against Removal. ECF No. 10. Petitioner is representing himself in the matter. Respondent is represented by Peter H. Clark. The motion was considered without oral argument.

Petitioner filed his Petition for Writ of Habeas Corpus on September 28, 2026. On October 7, 2026, Respondents filed their response to the Petition. In the accompanying declaration, Respondents note that Petitioner was transferred from the NWIPC in Tacoma to El Paso, Texas on September 26, 2026, two days before the petition was filed. On October 19, 2026, Petitioner's partner filed a motion on his behalf seeking expedited consideration of his habeas petition, an order

requiring his return to Tacoma, expedited review of his U visa application, and a temporary restraining order against his removal from the country.

A district court only has jurisdiction over petitioners that reside in the district when their petitions are filed. 28 U.S.C. 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

In this case, Petitioner's petition was filed two days after he was transferred out of the district to Texas. As a result, this district was not the district of confinement when the petition was filed, and the Court does not have jurisdiction over Petitioner. The Court finds that transfer, rather than dismissal, is the appropriate course of action. When a civil action is filed in a court that does not have jurisdiction, the court shall transfer such an action to a court "in which the action… could have been brought at the time it was filed." 28 U.S.C. § 1631. The civil case will "proceed as if it had been filed in… the court to which it is transferred." *Id*. As Petitioner is detained in El Paso, Texas, it appears the United States District Court for the Western District of Texas is the appropriate court to preside over his Petition. 28 U.S.C. § 124(d)(3). Transfer to the Western District of Texas, rather than dismissal, is in the interests of justice as dismissal would result in unnecessary delay while Petitioner refiles his Petition.

//

//

//

//

//

//

//

//

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Clerk is directed to **transfer** this case to the Western District of Texas for all further proceedings. The Clerk is further directed to **close** the file after transferring it.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and pro se Petitioner.

**DATED** this 21st day of October 2026.

Stanley A. Bastian
United States District Judge